Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| SANDRA MARTÍNEZ ARROYO Y OTROS<br><br>Demandantes Recurridos<br><br>v.<br><br>DR. EDWIN TORRES RIVERA Y OTROS<br><br>Demandados Peticionarios | KLCE202300128 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2021CV01579 (Salón 805)<br><br>Sobre: Impericia Médica |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa.

Candelaria Rosa, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de febrero de 2023.

Los peticionarios de epígrafe impugnan una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 16 de diciembre de 2022. Mediante esta, el foro primario declaró no ha lugar la presentación de prueba pericial anunciada por la parte demandada. Denegamos.

El 3 de octubre de 2021 se presentó una demanda en contra del Dr. Edwin Torres Rivera y SIMED como su aseguradora por impericia médica. Originalmente, el Tribunal de Primera Instancia fijó la fecha para culminar el descubrimiento de prueba para el 31 de diciembre de 2021 y señaló la celebración de la Conferencia con Antelación al Juicio para el 1 de marzo de 2022. Sin embargo, tras varios incidentes procesales, el Tribunal extendió la fecha de culminación del descubrimiento de prueba para el 27 de agosto de 2022 y reseñaló la

vista de Conferencia con Antelación al Juicio para el 17 de noviembre de 2022.

El 7 de noviembre de 2022, las partes presentaron un informe preliminar entre abogados previo a la Conferencia con Antelación al Juicio donde los demandados nombraron al Dr. Reynold López Enríquez como perito. Los demandantes se opusieron a dicho nombramiento por inoportuno, debido a que los demandados no fueron diligentes en el descubrimiento de prueba. Puntualizaron que habían transcurrido tres meses desde la fecha límite en la que culminó el descubrimiento. El Tribunal de Primera Instancia emitió una orden mediante la cual no permitió la presentación del perito de los demandados. Inconformes, estos acuden ante este Tribunal a través de un recurso de *certiorari* en el que sostienen que el Tribunal de Primera Instancia erró al eliminar su prueba pericial, lo que equivale a dejar a los demandados en un estado de indefensión y rebeldía, sin antes proceder a imponer sanciones progresivas menos severas.

El auto de *certiorari* es el vehículo procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos, tanto en el ámbito provisto por la Regla 52.1 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 52.1 (2009), como de conformidad con los criterios dispuestos por la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R.40. De esta manera, en la revisión de controversias mediante el *certiorari* el tribunal intermedio debe valorar la actuación del foro de primera instancia y fundamentar su intervención en si este incurrió en un abuso de discreción. En ausencia de tal proceder abusivo, prejuiciado, errado o parcializado, no corresponde intervenir con la

determinación del Tribunal de Primera Instancia. *Zorniak v. Cessna*, 132 DPR 170 (1992); *Lluch v. España Service Sta.*, 117 DPR 729 (1986). Por tanto, solamente procede nuestra intervención cuando esté presente alguno de los criterios contemplados por el reglamento de este Tribunal. *IG Builders et al. v. BBVAPR*, 185 DPR 307 (2012). En cuanto a la etapa del descubrimiento de prueba, el Tribunal goza de amplia discreción para limitar o extender su alcance. *Berríos Falcón v. Torres Merced*, 175 DPR 962 (2009).

Del examen del expediente ante nuestra consideración se desprende que las partes tuvieron tiempo adecuado para celebrar el descubrimiento de prueba. Sin embargo, los demandados en ningún momento informaron la contratación de su perito sino hasta dos (2) meses después de la fecha de culminación del descubrimiento de prueba según pautada por el Tribunal. En atención a ello, la determinación impugnada a esta altura del procedimiento —habiendo ya concluido el descubrimiento de prueba— no excedió el ámbito de discreción reconocido al foro de primera instancia para pautar el trámite de los casos ante su consideración. Dicha determinación tampoco constituye prejuicio, parcialidad o error manifiesto. Por consiguiente, a la luz del derecho aplicable, no se encuentran presentes condiciones que ameriten intervenir con el dictamen recurrido, por lo cual denegamos la petición de *certiorari* presentada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones